**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DIXAN PEREZ LLANES,

     Petitioner,

v.

                                 Case No. 2:26-cv-01590-MIS-GJF

WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA; TODD
LYONS; U.S. ATTORNEY GENERAL; and
MARKWAYNE MULLIN,

     Respondents.

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on Petitioner Dixan Perez Llanes's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 18, 2026. Petitioner is a citizen of Cuba who entered the United States on March 17, 2022, through the southern border at Eagle Pass, Texas. <u>Id.</u> ¶ 2. He was apprehended, placed into removal proceedings, and released on his own recognizance. <u>Id.</u> ¶¶ 2-3. He has complied with all reporting requirements. <u>Id.</u> ¶¶ 4, 15.

In October 2022, Petitioner filed an Application for Asylum which remains pending with U.S. Citizenship and Immigration Services ("USCIS"). <u>Id.</u> ¶ 7.

In March 2025, Petitioner married a U.S. citizen who filed a Form I-130 Petition for Alien Relative on his behalf. <u>Id.</u> ¶ 6. That Petition also remains pending with USCIS. <u>Id.</u>

On April 14, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") Officers at a scheduled check-in appointment with ICE. <u>Id.</u> ¶ 12. He is currently detained at the Otero County Processing Center in Chaparral, New Mexico. <u>Id.</u> at 1. He seeks immediate release or, alternatively, a bond hearing. <u>Id.</u> at 4.

On June 15, 2026, the Court issued an Order to Show Cause, ECF No. 5, which instructs Respondents to answer the Petition and show cause why the requested relief should not be granted. Id.  The Order further instructs Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings." Id.

On June 29, 2026, the Federal Respondents filed a Response to the Petition.[1]  ECF No. 7. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention."  Id. at 2-3.   However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b).  Id. at 2.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief.  The

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 7. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Dixan Perez Llanes from custody/detention;

3. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal— without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE